## Sprague v. Bertke.

(Decided May 11, 1926.)

### Appeal from Kenton Circuit Court.

Evidence—Testimony that Injured Person Stated She Would Not have Been Injured if She had Stayed where She was, but that She Thought She Could Beat Truck Across, Held Admissible as Admission.—In action for injuries received when plaintiff tried to cross in front of a truck, evidence that plaintiff stated she would not have been injured if she had stayed where she was, but that she thought she could beat the truck across, was admissible as admissions against her interest, even without laying grounds for contradicting her.

F. J. HANLON for appellant.

R. G. WILLIAMS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Mary E. Sprague, as plaintiff below, instituted this action against appellee, George T. Bertke, to recover for personal injuries received by her when struck by a truck operated by appellee while being driven by one of his servants, upon the allegation that her injuries resulted from his negligence. The plea of negligence was denied and a plea of contributory negligence was interposed. On the issues thus formed the case went

to the jury and resulted in a verdict for appellee. Appellant prosecutes this appeal from the judgment thereupon entered dismissing her petition.

The sole reason urged upon this court for a reversal of the judgment is that the trial court erred in admitting incompetent evidence. For appellee the evidence tends to establish that as the driver of his truck approached appellant he observed her crossing the street, reduced the speed of the truck, and sounded the horn, which she heard; that she stopped and stepped back; and that the driver of the truck thereupon increased the speed of the truck to pass her, when she suddenly ran in front of it and was struck. While appellant was on the witness stand and was being cross-examined by attorney for appellee, she was asked if, immediately after the accident and after she had been carried to her own home by the driver of the truck and a boy who was in the truck with him, and another person who assisted them to do so, she did not say to them that she would not have been injured if she had stayed where she was, but that she thought she could beat the truck across. She stated that she did not. She was also asked if she didn't have the same conversation with appellee, Bertke, at the hospital a few days later and denied having done so. The three witnesses mentioned testified for appellee that when they carried appellant into her home immediately after the accident she said to the driver of the truck that if she had stayed where she was she would not have been injured, but that she thought she could beat the truck across the street and undertook to do so. Appellee testified that she made the same statement later to him at the hospital. All of that testimony was objected to by appellant, and it is for its admission that, appellant insists, the judgment herein must be reversed.

One of the fundamental rules of evidence is that admissions of a party to a cause against interest are admissible in evidence. These statements of appellant to the three witnesses immediately after the accident and her statement to appellee subsequently at the hospital clearly were admissions against interest. They would have been admissible as substantive testimony against appellant without grounds for contradiction on the question being laid while she was on the witness stand. The arguments made for appellant on this question and the authorities cited to sustain them are wholly beside the

point. The testimony complained of was competent and no error was committed in its introduction.

It is not contended that error in any other particular was committed upon the trial hereof in the court below, and our examination, of the record in the light of the grounds urged in the motion for a new trial does not disclose any upon which a reversal might be based. The judgment, therefore, will be affirmed.

Judgment affirmed.